**Robert MARTIN, Petitioner–Appellant,**

v.

**OHIO ADULT PAROLE AUTHORITY, Respondent–Appellee.**

No. 03–3642.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Robert Martin, an Ohio state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Martin was convicted of second degree murder following a 1974 jury trial, and was sentenced to life imprisonment. Review of the numerous other appeals Martin has filed in this court shows that he was paroled in 1982; however, his parole was revoked in 1985 and he has been incarcerated since that time. In his most recent parole hearing, held in 2001, Martin received a five-year continuance. He filed a mandamus action in the Ohio Supreme Court seeking to have another parole hearing after the expiration of half of that time, but he was denied relief. This petition was then filed, which, although difficult to construe, apparently raises the same claim: that Martin is entitled to a hearing halfway through the five-year continuance imposed at his last parole hearing. Although filed as a petition for habeas corpus relief, the petition also sought monetary relief.

The matter was referred to a magistrate judge, who recommended that the petition be denied. Over Martin's objections, the district court adopted this recommendation and denied the petition, noting that Ohio law no longer provides for half-time hearings after April 1, 1998, and that Martin would have no liberty interest in such a hearing even if his position were correct. This appeal followed.

Habeas corpus relief is available under § 2254(a) only on the ground that a state prisoner is in custody in violation of the Constitution or laws of the United States. The Supreme Court has held that there is no constitutional liberty interest in parole. *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).

This court has also held that parole regulations do not create federal constitutional rights, *Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994) (en banc), and that, because parole is discretionary, there is no federal due process right involved. *Inmates of Orient Corr. Inst. v. Ohio Adult Parole Auth.,* 929 F.2d 233, 235–37 (6th Cir.1991). Therefore, the district court properly concluded that the claim presented in this petition was not cognizable under 28 U.S.C. § 2254.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.